UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 24-cr-103 (ECT/TNL) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Steven John Sokel, | |
| Defendant. | |

---

Allen Slaughter and Timothy Campbell Warner, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff United States.

Jill A. Brisbois, The JAB Firm, Minneapolis, MN, for Defendant Steven John Sokel.

---

Magistrate Judge Dulce J. Foster ordered the pretrial release of Defendant Steven John Sokel, with conditions. ECF Nos. 26–27. The Government moves to revoke Judge Foster's release order, and Mr. Sokel opposes the Government's motion. ECF Nos. 30, 33. The detention order will be reviewed de novo. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The motion will be granted, and Mr. Sokel will be detained pending trial.

I

On April 18, 2024, Mr. Sokel was charged with two counts of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(c)(1), (c)(2)(A), and (e), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(4)(B) and (b)(2). ECF No. 1. At his initial appearance, the Government moved for Mr. Sokel's detention and Magistrate Judge David T. Schultz ordered Mr. Sokel temporarily detained.

ECF No. 7.  The Government subsequently filed a motion for detention, ECF No. 14, and a detention hearing was held before Judge Foster on April 25, ECF No. 26.  Judge Foster ordered Mr. Sokel released on a personal recognizance bond.  ECF No. 28.  Judge Foster imposed several conditions for Mr. Sokel's release; these included, among others, confinement to a halfway house or community corrections center, GPS monitoring, surrender of passports and other travel documents, and prohibitions on contacting minors and using online devices.  ECF No. 27.

On the Government's request, Judge Foster agreed to stay Mr. Sokel's release for twenty-four hours, allowing the Government to challenge the decision.  ECF No. 26.  The same day, the Government filed its Motion to Revoke Release Order, urging that Mr. Sokel be detained pending trial.  ECF No. 30.  The Government argues Mr. Sokel did not rebut the presumption that there are no conditions that will reasonably assure the safety of the community—particularly children in the community—and that Mr. Sokel should be detained in consideration of the 18 U.S.C. § 3142(g) factors.  Mr. Sokel filed a response in opposition to the Government's motion on April 26.  ECF No. 33.  Mr. Sokel argues the Government's concerns about community safety and potential non-appearance are adequately addressed by the conditions Judge Foster imposed.  A hearing on the Government's motion was held on April 29.  ECF No. 34.

II

Under 18 U.S.C. § 3145(a), the Government may file "a motion for revocation of the [release] order or amendment of the conditions of release."  The district judge's review of a release order is de novo.  *Maull*, 773 F.2d at 1481–82.

A court may order a defendant detained pending trial only if the court finds that no release condition or set of conditions will reasonably assure: (1) the defendant's appearance in court and (2) the safety of the community. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing 18 U.S.C. § 3142(c), (e), and (f), and *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)). Different evidentiary standards apply to these findings. The Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the community's safety. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The governing statute provides a list of factors to consider when deciding whether the Government has met these burdens: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual." *Id.* (citing 18 U.S.C. § 3142(g)).

Relevant here, "it shall be presumed that no condition or combination of conditions will reasonably assure" the defendant's appearance and the safety of the community if the Court finds "probable cause to believe that the person committed . . . an offense involving a minor victim under section[s]" 2251 or 2252A(a)(4). 18 U.S.C. § 3142(e)(3)(E). The presumption is rebuttable by the defendant. 18 U.S.C. § 3142(e)(3). In a presumption case, the defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to

3

the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "But a defendant who meets his burden of production does not entirely dispel the presumption; the presumption 'remains a factor to be considered among those weighed by the district court.'" *United States v. Lazzaro*, 21-cr-0173(1) (PJS/DTS), 2021 WL 5083978, at *1 (D. Minn. Nov. 2, 2021) (quoting *Abad*, 350 F.3d at 797). There is no dispute the presumption applies here.

III

Assuming Mr. Sokel rebutted this presumption, the better answer is that Mr. Sokel should be detained in view of the § 3142(g) factors, the parties' briefing, and the record evidence.

(A) *The nature and circumstances of the crime.* Mr. Sokel has been charged with three sexual crimes involving children: two counts of sexual exploitation of children and one count of possessing child pornography. ECF No. 1. Mr. Sokel is accused of traveling internationally to procure or manufacture child pornography, including by paying mothers in Thailand for access to their daughters, one of whom was six years old. ECF No. 14 at 7. Mr. Sokel also is accused of creating child pornography with his personal camera, and possessing child pornography on multiple devices, including a password-protected laptop with which he was traveling and a desktop computer at his apartment. *Id.* Two of Mr. Sokel's charges—Counts 1 and 2—carry a fifteen-year mandatory minimum prison sentence. *See* 18 U.S.C. § 2251(c) and (e). The nature and circumstances of the alleged crimes are most serious and weigh against finding Mr. Sokel should be released pretrial.

(B) *The weight of the evidence against the defendant.*  The quality and quantity of evidence against Mr. Sokel is significant.  The Government has presented nine exhibits detailing the investigation into Mr. Sokel's apartment and electronics, as well as law enforcement's witness interviews.  *See* ECF Nos. 15–23.  The evidence includes, among other things, descriptions of pornographic images of children found on Mr. Sokel's electronics, ECF No. 23, reports from Child Protective Services that Mr. Sokel inappropriately touched children in 2011–2012, ECF No. 18, an interview with an adult who claims Mr. Sokel sexually abused her as a child, ECF No. 19, and incriminating messages found on Mr. Sokel's Skype account, ECF Nos. 21, 23.  The record gives no reason to find that this evidence is insubstantial in any respect.

(C) *The history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct.*  Mr. Sokel is sixty-one years old, and has some family in Minnesota, including his father with whom he is close.  ECF No. 24 at 1; ECF No. 33 at 6.  He has been unemployed for more than ten years, receives disability income and lives alone in "Section 232 housing."  ECF No. 24 at 1–2; ECF No. 33 at 7.  Mr. Sokel suffers from multiple issues affecting his physical health, ECF No. 33 at 7–8, and describes a history of mental health concerns, including depression and a learning disability that impacts his reading comprehension.  ECF No. 24 at 2.  To manage pain, Mr. Sokel uses a spinal cord stimulator, "which affords pain relief without the reliance on potent narcotics."  ECF No. 33 at 1, 7–8.  Mr. Sokel's criminal history is limited; it includes a felony conviction for misuse of a credit card and misdemeanor convictions for unlawful deposit of garbage and assault.  ECF No. 24 at 3.  Three other charges have been

brought against Mr. Sokel that have been dismissed, stricken, or for which Mr. Sokel was found not guilty. *Id.*

I am not persuaded that Mr. Sokel's health concerns mitigate risk of flight or risk of posing a danger to the community. Mr. Sokel has suffered from these health problems for many years. In the detention hearing on April 29, counsel explained that Mr. Sokel was prescribed his spinal cord stimulator in February 2019. In other words, Mr. Sokel was suffering from these medical problems and utilizing the spinal device when he traveled internationally to Thailand, stayed there for three weeks, ECF No 15 at 3, and allegedly committed part of the at-issue offense conduct. Neither am I persuaded that Mr. Sokel's small community will hold Mr. Sokel accountable for his actions. Mr. Sokel argues his father and a longtime friend, A.H., provide him with "significant emotional and practical support." ECF No. 33 at 6. But the offense conduct alleged here occurred amidst this community. Indeed, A.H.'s children claim Mr. Sokel abused them as children, and the record shows the county took the children from A.H. "at about [the] time" these allegations surfaced. ECF No. 17 at 3–4.

(D) *The seriousness of the danger to the community or to an individual.* The Government argues Mr. Sokel is a danger to the community because he has committed (unprosecuted) sexual crimes against children in the past, and, if released, could "acquir[e] new devices to continue committing crimes against children." ECF No. 30 at 8. Mr. Sokel, on the other hand, argues the conditions Probation recommended and Judge Foster imposed are sufficient to protect the community. Judge Foster ordered Mr. Sokel released to a community corrections center or halfway house, not his own home. ECF No. 27. In

6

addition, she ordered Mr. Sokel to be confined to the facility with GPS monitoring, and prohibited Mr. Sokel from using online devices or speaking to minors. *Id.* Mr. Sokel points out that while he does have a criminal history, he has no history of non-appearance or flight, ECF No. 33 at 7, and he "falls into PTRA Category 1, a classification for which statistics indicate a 95% likelihood of success *without* Pretrial Supervision or minimal conditions of release," *id.* at 9 (citing the Bail Report, ECF No. 24 at 4).

Mr. Sokel's arguments are somewhat persuasive: Judge Foster imposed thirteen conditions on Mr. Sokel's release, ECF No. 27, and Mr. Sokel would not be released directly into the community. He would be confined to a halfway house or community corrections center, would have limited or no access to online devices, and would be subject to GPS monitoring. *Id.* I nonetheless conclude Mr. Sokel possesses a strong motivation and willingness to engage in conduct that would represent a danger to the community and that shows he is a flight risk. Record evidence shows he went to great lengths—from Minnesota to Thailand and back, through Abu Dhabi—to engage in the conduct for which he is charged. ECF No. 15. Had he not traveled across the world to procure or manufacture child pornography, record evidence shows Mr. Sokel is motivated and capable of obtaining it using electronic devices in Minnesota. ECF No. 21 at 6–7.

Assuming Mr. Sokel has produced enough evidence to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance or the community's safety, the presumption "remains a factor to be considered among those weighed by the district court." *Lazzaro*, 2021 WL 5083978, at *1 (citation omitted). When considering the presumption alongside the evidence and circumstances as discussed above,

7

I find the Government has met its burden of showing by clear and convincing evidence that that no conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no conditions will reasonably ensure Mr. Sokel's appearance at future proceedings. Mr. Sokel will be detained.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff United States' Motion to Revoke Release Order [ECF No. 30] is **GRANTED**.

2. The Order Setting Conditions of Release [ECF No. 27] is **REVOKED**.

3. Defendant Steven John Sokel shall be **DETAINED** pending trial pursuant to 18 U.S.C. § 3142(e).

Dated: April 30, 2024                    s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court